David Abrams, Attorney At Law
305 Broadway Suite 601
New York, NY 10007
212-897-5821

United States District Court
Southern District of New York

_____

| | |
|---|---|
| Bibliotechnical Athenaeum, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Index No. |
| - against - | ) |
| | ) |
| American University of Beirut | ) **Complaint** |
| | ) |
| Defendants. | ) |
| | ) |

_____

Plaintiff, complaining of the Defendants by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.      Introduction**

1. This is an action for unlawful discrimination under Title VI of the Civil Rights Act of 1964; the Lisa Law of 1976; and the New York City Human Rights Law. As set forth in more detail below, the Defendant, as a result of its apparent illegal boycott of Israel, denied the Plaintiff the opportunity to participate in its worldwide virtual career fair as well as the opportunity to use its worldwide career services platform to recruit interns to perform services in New York.

**II.     Parties**

2. Plaintiff Bibliotechnical Athenaeum ("Plaintiff" or "Bibliotechnical") is an Israeli corporation with a principal place of business in the State of New York, County of New York.

3. Defendant American University of Beirut ("AUB") is a New York educational corporation with its principal place of business in the State of New York, County of New York.

**III.    Venue and Jurisdiction**

4. Venue in the County of New York is appropriate in that both parties are located in Manhattan.

5. Subject matter jurisdiction over this action exists in that Plaintiff asserts claims under Title VI of the Civil Rights Act and the remaining claims form part of the same case or controversy.

6. Personal jurisdiction exists in that this matter arises out of the Defendants' activities in the State of New York, specifically (1) the providing of public accommodation and unlawfully denying such accommodation to the Plaintiff; (2) denying Plaintiff the benefits and opportunity to participate in its activities in the State of New York.

**V.    Background**

7. AUB is an American University which is chartered by the New York Board of Regents and accredited by the Middle States Commission on Higher Education.

8. Although AUB's main campus is located in Beirut, Lebanon, it also regularly holds activities in its New York office.

9. Like most American universities, AUB also operates a career services office.

10. In late 2019, AUB announced that it would be holding a "virtual career fair," which would allow potential employers all over the world to sign up for virtual booths which would allow them to recruit AUB students around the world.

11. AUB described the event as follows:

> Employers have a great opportunity to attract the best AUB students and professional alumni wherever they are around the world. The event offers amazing features such as a virtual booth, CV search, direct chat with candidates, webinars, posting vacancies and interviewing all from the comfort of your office without the cost and hassle of travel

12. Thus, AUB intended and expected employers to participate in the conference from outside of Lebanon. Indeed, one of the leading participants in the conference -- American Creativity Academy -- is located in Kuwait..

13. Thus, AUB's career fair would permit employers in New York to recruit AUB students in New York to work in New York. It would also allow New York employers to recruit AUB students in Lebanon to perform New York work remotely. And indeed, AUB would have permitted the Plaintiff to do exactly that if it were not for the fact that Plaintiff is Israeli.

14. In addition to offering its virtual career fair event, AUB offers normal career services to potential employers, including American employers, who wish to recruit AUB students to perform services in Lebanon; New York; or elsewhere.

15. In late 2019, Bibliotechnical signed up for AUB's career services portal in order to recruit a paid intern as well as to participate in the virtual career fair.

16. Although Bibliotechnical is an Israeli entity, it is duly authorized to conduct business in New York. Further, although Bibliotechnical's primary purpose is to fight against anti-Israel discrimination, Plaintiff seriously intended to attend the virtual career fair and recruit a paid intern to assist with promoting commercial activity to promote international trade and goodwill.

17. Bibliotechnical's registration was initially accepted by AUB with no problem based on its address in New York. Bibliotechnical was allowed to post an advertisement

with AUB's career services computer system and started the process to register for the virtual career fair.

18.     Shortly thereafter, Bibliotechnical advised AUB's representatives that it was an Israeli corporation.  Immediately after that, Bibliotechnical was locked out of the computer system and AUB's respresentatives refused to communicate further regarding participation in the virtual career fair.

19.     Thus, it is clear that Bibliotechnical was excluded from participation in AUB's programs, discriminated against, and denied service solely due to its national origin -- Israeli.

20.     Indeed, upon information and belief, Defendant AUB, even though it is an American institution, is illegally participating in the Arab boycott of Israel.

21.     Thus, it appears that these were not the actions of a rogue employee but rather consistent with the set policy of AUB.

**VI.     Causes of Action and Demand for Relief**

       **Count 1:     Violation of the New York City Human Rights Law**

22.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

23.     Bibliotechnical is a "person" within the meaning of the New York City Human Rights Law in that it is an organization and the New York City Human Rights Law defines a "person" as including "one or more, natural persons, proprietorships partnerships, associations, group associations, organizations, governmental bodies or agencies, corporations, legal representatives, trustees, trustees in bankruptcy, or receivers."  New York City Human Rights Law Section 8-102.

24.     Further, Bibliotechnical is of Israeli citizenship and national origin.  This is clear without even looking beyond the Hebrew in its founding documents, but the Courts have

held that corporations can even have a racial identity for purposes of anti-discrimination claims.  *See e.g Hudson Valley Theater Inc. v. Heimbach*, 671 F.2d 702 (2d. Cir. 1982).

25.     AUB is and/or regularly operates a place or provider of public accommodation in that it provides "goods, services, facilities, accommodations, advantages or privileges of any kind" within the meaning of New York City Human Rights Law Section 8-102(9). More specifically, AUB offers career services, including a virtual career fair, to persons in New York.

26.     AUB violated the New York City Human Rights Law by denying Bibliotechnical the above services on the grounds of its citizenship and national origin in violation of New York City Human Rights Law Section 8-107(4).

27.     Further, AUB violated the New York City Human Rights Law by participating in an illegal discriminatory boycott in violation of New York City Human Rights Law Section 8-107(18).

## Count 2: Violation of the Lisa Law of 1976

28.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

29.     The Lisa Law of 1976, which was enacted in response to the Arab Boycott of Israel, makes it unlawful " for any person to boycott or blacklist, or to refuse to buy from, sell to or trade with, or otherwise discriminate against any person, because . . ., national origin . . . of such person"  New York Executive Law 296(13).

30.     Bibliotechnical is a "person" within the meaning of the Lisa Law in that a "person" is defined as including "one or more individuals, partnerships, associations, corporations, legal representatives, trustees, trustees in bankruptcy, or receivers."  New York Executive Law Section 292(1).

31.     Further, Bibliotechnical is of Israeli national origin.

32. AUB violated the Lisa Law of 1976 by participating in an illegal discriminatory boycott in violation of New York Executive Law 296(13) to the detriment of the Plaintiff.

### Count 3:  Violation of Title VI of the Civil Rights Act of 1964

33. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

34. Bibliotechnical is a "person" of Israeli national origin within the meaning of Title VI of the Civil Rights Act of 1964.. *See e.g Hudson Valley Theater Inc. v. Heimbach*, 671 F.2d 702 (2d. Cir. 1982)..

35. Further, Bibliotechnical is "within the United States" within the meaning of Title VI of the Civil Rights Act of 1964 in that it is lawfully qualified to do business in New York and has established its principal office in New York.

36. Further, AUB's career services platform is a "program or activity receiving Federal Financial assistance" in that (1) it is part of "all the operations" of a "college, university, or other postsecondary institution" within the meaning of 42 U.S.C. Section 2000d-4A(2)(A); and (2) AUB regularly receives financial assistance from the United States Government, for example awards 72026820GR00001; SAF20019CA0071; SNEAAC19CA0044; SNEAAC19CA0037; SNEAAC19CA0035; SAF20018CA0026; and many others.

37. Thus, AUB violated Title VI of the Civil Rights Act of 194 by denying participation to Bibliotechnical in its virtual career fair and career services system due to Bibliotechnical's national origin; by denying Bibliotechnical the benefits of the same due to its national origin; and by discriminating against Bibliotechnical due to its national origin.

WHEREFORE  Plaintiff demands judgment against the Defendant for (1) an appropriate amount of compensatory and punitive damages not to exceed $100,000; (2) an injunction

ordering the Defendant to cease engaging in discriminatory conduct; (3) costs, interest, and reasonable attorneys fees; and (4) such other and further relief as the Court deems just.

Respectfully submitted,

by:_____

David Abrams, Attorney at Law

Attorney for Plaintiff
305 Broadway Suite 601
New York, NY 10007
212-897-5821

Dated: May 27, 2020
New York, NY